**FILED**

OCT **0 3** 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RANDY LEE BRIDGES JR,
16038-070   P.O.Box )5500
USP Victorville         )
Adelanto, Ca 92301 )
(Enter your full name, prison number Plaintiff
and address)

v.

HARLEY LAPPIN; HAROLD )WATTS
320 First St. N.W.       )
Washington, DC 20534 )
_____ )
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)  Defendants

CASE NO.
JURY TRIAL DEMANDED.
DEMANDS: Q Dollars

Case: 1:07-cv-01777
Assigned To : Unassigned
Assign. Date : 10/3/2007
Description: PRO SE GEN. CIVIL

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### Instructions for filing a Complaint by a Prisoner
### Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court must access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

SEP 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.     SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.    PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?     Yes ( ✓ )     No ( )

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( ✓ )     No ( )

C.    If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

  1.    Parties to this previous lawsuit.

    Plaintiffs: ___see Attached Page 4___

    Defendants: ___see Att Page 4___

  2.    Court (If federal court, please name the district; if state court name the county.)
    ___see Att. Page 4___

  3.    Docket number: ___see Att Page 4  X3___

  4.    Name of judge to whom case was assigned: ___see Att Pg 4___

## PREVIOUS LAWSUIT (cont...)

Questions A BC 1,2,3,4,5,6, and 7 to the second lawsuit may be found on pg 4. see Attached complaint.

PREVIOUS LAWSUITS (cont..)

Questions A, B, C, 1, 2, 3, 4, 5, 6 and 7 may be reviewed on pg 4 attached Complaint.

5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____ *See Att pg 4* _____

_____

6.    Approximate date of filing lawsuit: ____ *See Att Page 4* ____

_____

7.    Approximate date of disposition: ____ *See Att pg 4* ____

_____

## III.    PLACE OF CONFINEMENT

_____ *United States Penitentiary Victorville* _____

_____

A.    Is there a prisoner grievance procedure in this institution?  Yes (✓)    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (✓)    No ( )

C.    If your answer is Yes to Question III B:

1.    To whom and when did you complain?  ___ *See Att Pag 6,7,8* __

_____

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (✓)    No ( )

3.    What, if any, response did you receive?  (Furnish copy of response, if in writing.)  __ *See pg 14 legal Documents were* __
*seized by officials*

4.    What happened as a result of your complaint?  *See Complaint*
*Attached* _____

_____

D.    If your answer is No to Question III B, explain why not. _____

_____

_____

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.    If your answer is Yes to Question III E;                    (ee)
                                                                ↓ void

1.    To whom and when did you complain?  *See Att. Index* ____

Void

2. Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)     Yes ( ✓ )     No ( )

*Void*

3. What, if any response did you receive?  (Furnish copy of response, if in writing.)

All legal documents were siezed

4. What happened as a result of your complaint?   see Att Complaint

Void

## IV.   PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.   Name of Plaintiff:  Randy L. Bridges 16038-026 USP Victorville

Address:  P.O. Box 5500 Adelanto, Ca 92301

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank.  Do the same for additional defendants, if any.

B.   Defendant: Harley Lappin, B.O.P Director in his Individual capacity

Address: 320 First St, N.W.
washington, DC 20534

Defendant: Harold Watts, Administrative Remedy coordinator in his individual capacity.

Address: 320 ~~_____~~ First St, N.W.
washington, DC 20534

Defendant: _____

Address: _____

Defendant: _____

Address: _____

## V.   STATEMENT OF CLAIM

State here briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.
Include the names of other persons involved, dates, and places.  If you intend to allege a number
of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if
necessary.

_____ see Attached Complaint In writing _____

_____

_____

_____

_____

_____

_____

_____

_____

**VI.    RELIEF**

State briefly exactly what you want the Court to do for you.

_____ see Attached Complaint In writing pgg 17-19 _____

_____ Jury Trial Demanded _____

_____ Zero #.0 Dollars Demanded _____

_____

_____

_____

_____

Signed this __12th__ day of __september__, __2007__.

_____ Pro se Randy Bridges _____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

__9-12-07__                    _____ Randy L. Bridges _____
(Date)                                   (Signature of Plaintiff)

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| RANDY LEE BRIDGES JR., | ) CIVIL NO. |
| Plaintiff | ) JURY TRIAL DEMANDED |
| vs | ) DEMANDS: 0 Dollars |
| HARLEY LAPPIN, B.O.P. DIRECTOR; | ) |
| HAROLD WATTS, ADMINISTRATIVE | ) |
| REMEDY CLERK; | ) |
| Defendant(s) | ) |

### CIVIL RIGHTS COMPLAINT

NOW COME Plaintiff in pro se, whom respectfully moves this court in the above style caption Action civil Rights Complaint as follows:

### INTRODUCTION

Petitioner / Plaintiff alleges in this civil rights complaint, various condition of Confinement violations upon his person which varies from:

(a) Altering of his Administrative Remedies by defendants;

b) Misleading the Administrative Remedy

1

investigation responses;

(cc) Failing to investigate official misconduct by
     Respondent(s);

(cd) Misleading of the sensitive Administrative
     Remedy Procedure by Respondent(s);

(ce) Protective Custody Needs;

(cf) Gang Violence;

(cg) Destroying And/or Seizure of legal documentation;

(ch) DHO procedures

(ci) Destruction of video/audio recordings and
     surveillance cameras;

(cj) Murder Plots;

(ck) Official(s) Failing To Exhaust Their Administrative
     Agencies;

(cl) Computer Fraud;

(cm) Transfers;

(cn) Central Inmate Monitoring Data;

(co) F.O.I.A. Data; and etc.


## A. PARTIES

1. <u>Bandy Lee Bridges Jr.</u>, Petitioner, is an <u>inmate</u>
currently incarcerated at United States Penitentiary
Victorville, California (USP Victorville), P.O. Box
5500, Adelanto, Ca 92301.

2. <u>Harley Lappin</u>, Respondent is a U.S. Citizen,
whoms address is: Fed. Bureau of Prisons, Central office
320 First St., N.W., Washington, DC 20534, and is

2

the B.O.P. Director in his individual capacity.

    3) <u>Harold Watts</u>, defendant, is a U.S. citizen whoms address is: Fed. Bureau of Prisons, Central office 320 First St, N.W. Washington, DC 20534, and is the <u>central office Administrative Remedy Coordinator Clerk</u>, in his individual capacity.

### B. JURISDICTION

    Jurisdiction is invoked under 128 USC § 1331 Bivens v Six Unknown Named Agents of Federal Bureau of Narcotics, 403 US 388 (1971).

### C. INTRODUCTION CONCERNING
### THE PETITIONER

    1) On or about July 17, 1992 a federal Grand Jury indicted plaintiff as a federal Code violator, in violation of Title 18 USC § 2113 (a) (d) and (2) Armed Bank Robbery; And Title 18 USC § 924 (c).

    2) On or about July 17, 1998, plaintiff was sentenced to a term of 140 months on count (1) one of the indictment; And (60 months on count (2) Two of the indictment. He has a projective release date, via good conduct time April 20, 2013.

## D. PREVIOUS LAWSUITS

Parties To Previous lawsuit:

    Plaintiff: Randy Lee Bridges

    Defendant(s): B.O.P. et al.

    Court: US District Court M.D. of Pennsylvania

    Case No: 1-CV-02-1470

    Issues raised: see (Doc 13) Amended Complaint dated September 22, 2002, and (DOC 170) R&R dated January 27, 2004.

    Judges Names: Yvette Kane, Dist. Judge; T.M. Blewitt, Magistrate

    Disposition: Voluntary settled out of court July 16, 2004.

Additional Civil Action(s):

    Plaintiff: Randy Lee Bridges

    Defendant: Joseph Murphy

    Court: U.S. Dist. Court Western Dist. of Tenn.

    Case No. ??

    Issues Raised: see (DOC 1) complaint dated October 8, 2002, court related issues

    Judge Name: Bernice Donald

    Disposition: Declined to pursue issues on IFP

Additional civil Actions:

    Plaintiff: Randy L. Bridges

    Defendant: B.O.P. et al.

    Court: U.S. Dist. Court, Dist. of Denver, Co.

Case No: 06-CV-000379

Issues raised: Condition of confinement (Doc 8) and (Doc 16) dated March 8, 2006.

Judges: Boyd Boland

Disposition: Deferred to pursue issues on IFP.

## ADMINISTRATIVE REMEDY PROCURES FOR
## INMATES' INCARCERATED

The Federal Bureau of Prison has established an Administrative Remedy Procedure, for inmates to utilize during their incarceration to challenge their condition of confinement (28 CFR§ 542.13 - §542.15), which states: If an inmate files an Informal Resolution and is dissatisfied with that reply. He/she may appeal to the warden of said institution. If the inmate is dissatisfied with the warden's reply. The inmate may appeal to the Regional Director. If the inmate is still dissatisfied with the Regional Director. The inmate may file to the General counsel, which is the final Administrative Appeal.

The Bureau of Prisons has an Index Retrieval Format of All Administrative Remedies Petitioner has filed, and whether if he has successfully _exhausted_ all available <u>ADMINISTRATIVE REMEDIES</u>. <u>See</u> Attached * Administrative Remedy Generalized Retrieval Sanitized Format.*

Accordingly, petitioner has _exhausted_ a total

5

of (7) seven Administrative Remedy claims in relation
to this subject matter:

(a) Remedy No. 406036-A1 dated 02-28-2006 altered
records in central file; BP9;

(b) Remedy No. 406036-A2 dated 03-22-2006 TRF
File altered BP11;

(c) Remedy No. 406036-A-3 dated 04-05-2006 TRF
Files altered BP11;

(d) Remedy No. 420794-R1 sensitive issue dated
7-20-06 at the Regional Level that was accepted by the
Regional Director about Assaults;

(e) Remedy No. 420794-A1 sensitive issue dated
8-25-06 about assault on inmate;

(f) Remedy No. 427518-A1 dated 02-20-07 concerning
officials engaging in gang violence, destroying
surveillance cameras the Central office agreed to, and
officials use weapons against Petitioner;

(g) Remedy No. 443576-A1 DHO sanctions, evidence,
and procedures of officials destroying cameras, use
of force on Petitioner and retaliatory transfer; dated
06-06-07;

(h) Remedy No. 443642-A1 concerning the same
related matter at section (g) above, dated 06-12-07;

(i) Remedy No. 422472-F1 dated 8-4-06 medical issues;

(j) Remedy No. 427522-F1 dated 9-18-06, altered
Administrative Remedy Receipts.

## <u>SENSITIVE ADMINISTRATIVE REMEDY</u>
## <u>EXHAUSTION REQUIREMENT</u>

<u>Sensitive issues</u> 28 CFR § 542.14 (d) and § 542.18 (13)(b) (1) and (2) states: If the inmate reasonably believes the issues is sensitive and the inmate(s) safety or well being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director.

<u>Investigation Response Preparation</u> 28 CFR § 542.18 (13)(b)(1) and (2) states: The clerk or coordinator shall assign each filed request or appeal for investigation and response preparation. Matters in which specific staff involvement is alleged may not be investigated by either staff alleged to be involved or by staff under their supervision.

Allegation of physical abuse (potential abuse) by staff shall be referred to the office of Internal Affairs (OIA) in accordance with procedures established for such referrals.

Accordingly, official's alleged and involved in Petitioners Administrative Remedy Data he has filed under <u>sensitive issues</u>, were rejected and ordered for the official violator to investigate~~ly~~ their own misconduct by the Central office Administrative

7

Remedy Clerk "Respondent(s) in this case. Thus exhausted all of Petitioners sensitive Administrative Remedies Respondent Rejected as follows:

(a) see Attached Index Rejection Notices at status, a total of 3 pages.

Thus, requires a Jury to decide if sensitive issues involving official misconduct was to be rejected, and for the Violator to investigate themselves or anyone under their supervisor, Respondent(s) required for them to do. (6th Amendment trial related issues).

### STATEMENT OF CLAIMS

1) On or about August 22, 2002 Petitioner filed a civil rights complaint <u>Bivens'</u> cause cause of action, In The U.S. Dist. Court, M.D. Penn. Randy L. Bridges v B.O.P. et al. 1-CV-02-1470 (Doc 13), alleging various constitutional violations upon his person. Specifically, one of those claims invoked his safety within the B.O.P..

2) During the course of said case, An Ad-

---

1 Bivens v Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 US 388 (1971).

Testificandum Evidentiary Hearing (Doc 24-26) was held, on or about October 17, 2002, in regards to Petitioners safety within the Bureau. Exhibits and testimony was eximined upon B.O.P. opponents. Therefore, Petitioner was returned back to USP Lewisburg.

3) upon Petitioners return to USP Lewisburg. The Dirty white Boys (D.W.B's) ordered inmate(s) to assault (kill) Petitioner due to being an Informant. Restraining orders were filed in said case, in obtaining an immediate transfer.

4) The D.W.B's main charactors were Jimmy Couch and Mike Thomas #20049-068.

5) On or about December 9, 2003, the magistrate Judge ordered the B.O.P. to respond to Petitioner's Restraining Order.

6) On or about December 29, 2003 (Doc's. 159 and 160 ICR data) by the B.O.P. was responded to by them, and the B.O.P. maintained in their ICR (Doc 160, pgg 4+5) that, "Petitioners life was in danger at USP Lewisburg due to the D.W.B's ordering inmate(s) to assault (kill) him within the Bureau.

7) On or about January 27, 2004 a Report and Recommendation (R&R) (Doc 170) was passed down for Petitioner to be transferred to another B.O.P. facility, due to Petitioners life being endanger at USP Lewisburg. Also see (Doc 199 pgg 1 And 2 Footnote in said case).

8) On or about January 29, 2004 Petitioner was transferred to FDC Philadelphia. While at said facility. Captain A. Matevousian agreed to place Petitioner in the witness protective custody unit 7-South, if, he would voluntarily dismiss his case. Thus, Petitioner concurred to this agreement, amoungst other issues, July 16, 2004. See (Doc 205).

9) During the course of Petitioners stay there. Warden T. Levi was displeased with Petitioners placement there, due to the confrontation they had at USP Lewisburg together. Therefore, lead to this official threatening Petitioner with death in front of a video/audio camcorder, November 17, 2005.

10) This officials stipulated to Petitioner: "You are going to USP Florence to be murdered, or you will be taken out here. - take a cellmate." Out of fear - Petitioner refused to come out of the dry cell. T. Levi ordered officials to seize his legal documentation and to ~~CB~~ assemble a team and OC gas the Petitioner. Administrative Remedy DHO Appeals were filed in regards to this subject matter No. 443642-A1 dated 6-12-07 exhausted issues.

11) On or about December 9, 2005 T. Levi transferred Petitioner to USP Florence in hopes to have him harmed or murdered. While at USP Florence, officials set the stage for this hit by placing Petitioner in the cell with Willard Simmons, a high profile informant for the government in a homicide case;

which had a gang hit on his life by the Aryan circle (AC) and Aryan Brotherhood (A.B.).

12) officials personally heard an inmate by the name of George Storey, nickname "Ziggy", on or about December 29, 2005 instruct Petitioner to murder or physically assault Mr. Simmons, or he would be killed. Simmons supported a statement in relation to this issue at Vol II, p 62 in RLB V B.O.P. 06-CV-000379 (Doc 8), March 8, 06. (10th Cir.).

13) During the course of time while Petitioner was at USP Florence, Harley Lappin cleared for John Roger Watkins (Walker), that is a Dixie Mobb Boss for Troy Anderson and Steven Barker, both to whom are on total separate status, due to court related issue of his. see Petitioner's March 5, 1999 sentence hearing at case No. 2-97-cr-20 139-001. well, on or about May 28, 2006 official's Mrs. A. Barker and Mr. J. Jones ordered Mr. Bridges to assault this inmate to facilitate a transfer. This took place on said date.

14) officials did not hold to the end of their deal, which resulted in Petitioner filing an Administrative Remedy No. 420794-R1 Sensitive claim at the Regional Director Level. This was accepted and handed over for investigation.

15) At this point and time, officials placed Petitioner on B-Range SHU-2 upper cell 227. while in said cell, officials engaged in gang violence

with Jason Blunt, nickname "sickness" and others, during a S.O.R.T., ~~September~~ 26, 2006 by saying: "Kill that nigger and Tennesee Petitioner needs to die".

16) On or about ~~September~~ 28, 2006 officials gave an inmate in cell B-228 a stick and scrubbrush to bust Petitioners cell door window out. Thus is all on the video surveillance camera. Immediately, Petitioner filed an Administrative Remedy No. 427518-A1 mentioning the above issues, and stipulated in the remedy: officials specifically stating to Petitioner, if, "the courts or anyone request the cameras. will say "they were lost or destroyed". Therefore, Respondances approved of such misconduct and failed to investigate those claims at the central office level, dated 02-20-07, even though the hard drive still exist.

17) At this point and time, Petitioner completely lost his mind and began to commit the following prohibited acts:

(a) verbally threatening officials and writing correspondences to them;

(b) writing sexual letters to officials;

(c) Running around in his cell naked exposing himself to everyone;

(d) calling officials white supremacy;

(e) calling officials Illuminatis; and
(f) drawing occulted pictures to B.O.P. officials'
and etc.

Therefore, resulted in major disciplinary
infractions being written upon him. Not only that,
but officials placed Petitioner on single cell status
due to filing a motion Requesting Immunity To
Assault and Kill Inmates For B.O.P. Officials,
October 16, 2006 In The United States District Appellant
Court For The 6th Cir..

18) Petitioner would like to succinctly point out
to this court at this onset that, Respondents will
be submitting the aforementioned information to
this court for review, but, will attempt to exclude
the video/Audio recordings and surveillance
cameras for evidentiary evidence in Petitioners
favor. Subsequently, Petitioner argues if Respondents
produces this data entry to this court for review,
as well as all of the Administrative Remedy
coordinators investigation response. The surveillance
camera hard drive data must be handed over
to this court as well.

19) On or about May 31, 2007 at approximately
9:00 Am while Petitioner was packing his property
out to transfer to USP Victorville. Officials
stipulated to Petitioner: "We are seizing your

13

property and legal documents - "you shouldn't have filed
on officials here"; And when you get to USP Victorville,
you will meet your separatees there - on checkin". Ha Ha Ha!
you will never be verified as a <u>Protective custody case</u>
<u>again in the Bureau.</u>

20) on or about June 8, 2005, petitioner was transferred
to USP Victorville. while in Receiving And Discharge,
criminal investigators during Intake screening had
petitioner on a <u>RED FLAG ALERT</u>, in accordance
with established procedures, that, "A potential assault
may take place by petitioner for B.O.P. officials
upon inmate(s) by their order to do so. <u>see</u> U.S.
Attorney Joseph murphey's office, western district of
Tennessee. Also <u>see</u> program statement Guideline at
5840.04 staff correspondence about inmate(s).
Therefore, petitioner's Intake screening forms 407/408
will substantiate this.

21) Intake investigators were informed of the
aforemention by petitioner, due to the major conflict
of Interest he had with USP Florence officials.
At this stage, petitioner was placed on single
cell and rec status in 1 A unit.

22) On or about June 10, 2005, at approximately
6:00 pm inmate(s) mike Thomas and Jason Blunt
approached petitioners outter cell window facing
the compound and stated to him: "we will kill
you once you come to this yard; "rat bitch".

14

23) On or about June 14, 2003 captain Kodak was notified of such incident as well as all information in the aforementioned. Petitioner was placed on High Alert status and placed in the SHU.

24) At this onset, officials have completely endangered Petitioner life once again by deliberately placing him around his separatees in hopes to have him harmed or killed. On 7 different occasions, petitioner has had to relocate within the Bureau, due to inmate(s) wishing to take him out. Thus, is well documented by the Bureau and the courts in RCB v B.O.P. etal. 1-CV-02-1470 (Doc 170) January 27, 2004 pgg 6+7.

25) How may Petitioner put a stop to this corruption at hand, without Judicial involvement. Respondent(s) have completely approved of this misconduct, and, has no desire to send Petitioner somewhere to program at without having to remain in the SHU until his release from custody.

26) If Respondent(s) are not attempting to have him harmed or killed. Then Respondents will produce 4 video/audio camcorders and 4 surveillance cameras to this court for review. If these defendants can't support them. Then why did they approve for Petitioner to be sanctioned at the DHO without the surveillance cameras being utilized as evidence in his favor of official misconduct?

15

## JURISDICTION ARGUMENTS

This court has full jurisdiction to hear this 28 USCS 1331 Bivens Action under condition of confinement, due to defendant(s) responding to all of petitioners EXHAUSTED Administrative Remedies out of the central office in Washington, DC. Defendants Lappin and Watts, are assigned to the Administrative in this District 28 CFR§ 542.11 (a) (5) and (c), and requires defendants to respond to plaintiffs remedies in this Judicial court.

Furthermore, Defendants consent to a Retroactive Interstate Commerce Commission (ICC) Act, to transport all of plaintiffs documentation and body from state to state; whether by U.S. Marshal Services, Fax or E-mail, or US Postal Service. If they did not consent to this (ICC) Act. Then none of Plaintiffs Administrative Remedies or body may be moved from state to state. see Interstate Commerce Act February 4, 1887.

## JUDICIAL RECOMMENDATION

A Judicial court may make an Recommendation to place Plaintiff in a specific institution or program when consistent with B.O.P. policies or when such actions are consistent with sound correctional management, the B.O.P. attempts to satisfy Judicial Recommendations. see Security

custody classification Manual 5100.07, pg 11, ch.7.

Since Plaintiffs life is in imminent danger while at USP Victorville, and Respondents are responsible for this misconduct at hand. It would be in the Entire prison population to transfer Petitioner to another B.O.P. prison- not another United States Penitentiary.

The Bureau of Prisons And Respondents wouldn't be prejudice in placing Petitioner at FDC California or FMC Springfield, Mo. to complete out his sentence. Petitioner would like to start all over fresh again, And put the past behind him. Five (5) and a half years left to do in a USP before being released to society, isn't fruitful at all, And, Respondents Are aware that, "Petitioner isn't USP material."

## GROUNDS FOR RELIEF

1) If defendants claims the video/audio recordings And surveillance cameras have been lost or destroyed, which is evidence to support in Petitioners favor. Respondents must expunge the DHO sanctions, mentioned in Remedies No. 443576-A1 And 443642-A1, And restore 96 days GCT back to him.

2) Transfer Petitioner to a Federal Detention Center or FMC Springfield, Mo. to began programming again.

3) Defendants / Respondent(s) will restore 250 days NVGCT back to Petitioner for deleting his Administrative Remedies from the computer.

4) Respondent(s) will grant all of Petitioners' privieleges to him, for failing to properly investigate all issues raised in Administrative Remedy No. #427518-A1.

5) Respondents will place Petitioner in an FCI or FDC facility for failing to follow policies in the Sensitive Administrative Guidelines, by having the official violator investigate themselves or someone under their supervision.

(6) Respondent(s) restore 27 days credit back to Petitioner for misleading the F.O.I.A Dept. concerning Petitioners Administrative Remedies No. 406036-A2 dated 03-22-06 and 406036-A3 dated 04-05-2006 doesn't exist in the computer anymore, which is destroying remedies of Petitioners.

7) Respondents will make sure Petitioners credit days are calculator accurately on his sentencing monitoring data.

8) Respondents will secure Petitioner in a cell by himself until he is transferred to another facility - not another U.S.P..

9) Respondents will explain to this court why they failed to give the Administrative Remedy BP11 receipt in Admin. Remedy No. 427522-F1 dated 9-18-2006 ~~BP BP~~ a control number.

10) Respondent(s) must produce the US Post Office mailing Log Accountability ~~tracking~~ tracking sheet to this court for review, beginning date January 2006 through April 2006, of all mail that was sent to the Central office in Washington, DC by Petitioner. This will prove what envelopes had Administrative Remedy No. 406036-A1 dated 2-28-2006; 406036-A1 date 3-22-06; and 406036-A1 dated 4-5-2006 was mailed in.

11) Respondent(s) be required to produce all three Administrative Remedies listed in section 10 to this court for review, to prove of official corruption involved in those remedies, Respondent(s) failed to investigate; and

12) whatsoever this court deems necessary to grant unto the Petitioner. Jury Trial Demanded!

I, Randy L. Bridger, hereby certify that this is true and correct. see Title 28 USCS 1746.

Respectfully submitted
Randy Bridger

Randy L. Bridger
16038-076
USP Victorville
P.O. BOX 5500
Adelanto, Ca 92301

Executed: 9-18-07

19

```
VIPBU              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      08-16-2007
PAGE 006 OF        *                SANITIZED FORMAT             *      15:31:18

REMEDY-ID    SUBJ1/SUBJ2 --------------------ABSTRACT----------------------
             RCV-OFC     RCV-FACL    DATE-RCV       STATUS     STATUS-DATE

402966-R1    34ZS/       COMPLAINT AGAINST STAFF
             NCR         FLP         01-24-2006      REJ       01-24-2006

406036-A1    10ZM/13BM   CLMS TRF FILE ALTERED TO GET HIM TO FLP
             BOP         FLP         02-28-2006      REJ       03-09-2006

406036-A2    10ZM/13BM   CLMS TRF FILE ALTERED TO GET HIM TO FLP
             BOP         FLP         03-22-2006      REJ       03-22-2006

406036-A3    10ZM/13BM   CLMS TRF FILE ALTERED TO GET HIM TO FLP
             BOP         FLP         04-05-2006      REJ       04-13-2006

420690-F1    25DS/       WANTS HIS MEDICAL/HYGIENE ITEMS RETURNED TO HIM
             FLP         FLP         07-19-2006      CLO       07-26-2006

420794-R1    34ZS/       OTHER COMPLAINT AGAINST STAFF
             NCR         FLP         07-20-2006      CLO       08-09-2006

422472-F1    26BS/       CLAIMS NEEDS SURGERY FOR HERNIA
             FLP         FLP         08-04-2006      CLG       08-17-2006

423677-F1    25ZS/       WANTS HIS STATUS CHANGED TO VERIFIED PC
             FLP         FLP         08-14-2006      CLO       08-28-2006

424008-F1    26HS/       WANTS COPIES OF MEDICAL REPORTS
             FLP         FLP         08-16-2006      CLO       09-04-2006

424824-R1    33HS/       ADMINISTRATIVE REMEDY PROCEDURES
             NCR         FLP         08-23-2006      REJ       08-23-2006

424825-R1    34ZS/       COMPLAINT AGAINST STAFF
             NCR         FLP         08-23-2006      REJ       08-23-2006

425120-F1    25ZS/       WANTS INVESTIGATION ON STAFF
             FLP         FLP         08-24-2006      CLO       09-07-2006

420794-A1    34ZS/       OTHER COMPLAINT AGAINST STAFF
             BOP         FLP         08-25-2006      REJ       09-07-2006

423677-R1    25ZS/       WANTS HIS STATUS CHANGED TO VERIFIED PC
             NCR         FLP         08-31-2006      CLD       10-02-2006

424008-R1    26HS/       WANTS COPIES OF MEDICAL REPORTS
             NCR         FLP         09-05-2006      CLO       10-03-2006

426705-F1    32ZS/       CLAIMS ITEMS ARE MISSING FROM CENTRAL FILE
             FLP         FLP         09-11-2006      CLO       10-11-2006

G0002        MORE PAGES TO FOLLOW . . .
```

```
   VIPBU          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      08-16-2007
 PAGE 007 OF        *                SANITIZED FORMAT           *      15:31:18

 REMEDY-ID     SUBJ1/SUBJ2 --------------------ABSTRACT----------------------
               RCV-OFC     RCV-FACL     DATE-RCV        STATUS      STATUS-DATE

  425120-R1    25ZS/       WANTS INVESTIGATION ON STAFF
               NCR         FLP          09-14-2006      CLO         10-12-2006

  427516-F1    33HS/       WANTS COPIES OF BP-9 AND BP-10
               FLP         FLP          09-18-2006      CLD         10-05-2006

 427518-F1     34ZS/       WANTS AN INVESTIGATION DONE OTHER THAN WARDEN
               FLP         FLP          09-18-2006      CLO         10-05-2006

 427522-F1     33HS/       CLAIMS BP-11 ARE INCORRECT WITH NO NUMBER
               FLP         FLP          09-18-2006      CLG         10-06-2006

  424825-A1    34ZS/       COMPLAINT AGAINST STAFF
               BOP         FLP          09-18-2006      REJ         09-26-2006

  430060-R1    34ZS/       COMPLAINT AGAINST STAFF
               NCR         FLP          10-10-2006      REJ         10-10-2006

  427516-R1    33HS/       WANTS COPIES OF BP-9 AND BP-10
               NCR         FLP          10-13-2006      CLO         10-27-2006

 427518-R1     34ZS/       WANTS AN INVESTIGATION DONE OTHER THAN WARDEN
               NCR         FLP          10-13-2006      CLO         11-02-2006

  430667-R1    34ZS/34CS   COMPLAINT AGAINST STAFF
               NCR         FLP          10-16-2006      REJ         10-16-2006

  426705-R1    32ZS/       CLAIMS ITEMS ARE MISSING FROM CENTRAL FILE
               NCR         FLP          10-18-2006      REJ         10-18-2006

  431091-F1    33HS/       WANTS HIS BP-9 REJECTIONS ADDRESSED PROPERLY
               FLP         FLP          10-21-2006      CLO         10-27-2006

  436063-R1    34ZM/       COMPLAINT AGAINST STAFF
               NCR         FLP          12-04-2006      REJ         12-04-2006

  435791-F1    26BS/       CLAIMS NOT GETTING PROPER MEDICAL WHILE IN SHU
               FLP         FLP          12-05-2006      CLO         01-03-2007

 427518-A1     34ZS/       INVEST.BY OTHER THAN WARDEN,CORRUPT STAFF,SEEKS XFER
               BOP         FLP          12-11-2006      CLD         02-20-2007

  443576-R1    20DS/       DHO APPEAL / CODE 218,307 / HEARING 04-28-2006
               NCR         FLP          02-22-2007      CLD         03-22-2007

  443642-R1    20DS/       DHO APPEAL / CODE 203,307,329 / HEARING 04-28-2006
               NCR         FLP          02-23-2007      CLD         03-22-2007

  G0002        MORE PAGES TO FOLLOW . . .
```

3

```
  VIPBU          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      08-16-2007
PAGE 008 OF 008 *                SANITIZED FORMAT              *      15:31:18
```

| REMEDY-ID | SUBJ1/SUBJ2 | | | | |
|-----------|-------------|----------|----------|--------|-------------|
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 444315-A1 | 34ZS/ | | | | |
| | BOP | FLP | 02-28-2007 | REJ | 03-01-2007 |
| 444457-R1 | 34ZS/ | COMPLAINT AGAINST STAFF | | | |
| | NCR | FLP | 03-02-2007 | REJ | 03-02-2007 |
| 445163-R1 | 34ZM/ | COMPLAINT AGAINST STAFF | | | |
| | NCR | FLP | 03-08-2007 | REJ | 03-08-2007 |
| 448240-A1 | 13ZM/ | OFFICIALS ALTERING SEPARATION FILE | | | |
| | BOP | FLP | 04-03-2007 | REJ | 04-05-2007 |
| 443576-A1 | 20DS/ | DHO APPEAL / CODE 218,307 / HEARING 04-28-2006 | | | |
| | BOP | FLP | 04-10-2007 | CLD | 06-06-2007 |
| 443642-A1 | 20DS/ | DHO APPEAL / CODE 203,307,329 / HEARING 04-28-2006 | | | |
| | BOP | FLP | 04-10-2007 | CLD | 06-12-2007 |
| 449926-R1 | 34ZS/34AS | | | | |
| | NCR | FLP | 04-16-2007 | REJ | 04-16-2007 |
| 450333-A1 | 34ZS/ | | | | |
| | BOP | FLP | 04-16-2007 | REJ | 04-24-2007 |
| 462845-F1 | 26AM/26BM | DENIED HERNIA SURGERY | | | |
| | VIP | VIP | 08-13-2007 | ACC | 08-14-2007 |

```
            105 REMEDY SUBMISSION(S) SELECTED
  G0000     TRANSACTION SUCCESSFULLY COMPLETED
```

## CERTIFICATE OF SERVICE

I, Randy L. Bridger, hereby certify that petition
For A Writ Habeas Corpus (28 USCS 2241) Condition of
Confinement, via first class postage payed to:

Harley Lappin, B.O.P.
Director
Fed. B.O.P.
320 First St., N.W.
Washington, DC 20534

Harold Watts
Admin. Remedy Coordinator
Fed. B.O.P.
320 First St., N.W.
Washington, DC 20534

U.S. District Court
District of Columbia
Fed. Building
333 Constitutional Avenue, N.W.
Washington, DC 20001

This 12th day of Sept. 2007. A.D.

Respectfully submitted,
Pro se  Randy Bridger
Randy L. Bridger
16038-076
USP Victorville
P.O. Box 5500
Adelanto, Ca 92301

30

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLUMBIA

RANDY LEE BRIDGES, JR;       )    CIVIL NO.
        Plaintiff            )
                             )
        VS                   )    JURY TRIAL DEMANDED
                             )
HARLEY LAPPIN, B.O.P.        )    DEMANDS $.0 Dollars
DIRECTOR; and HAROLD         )
WATTS, ADMINISTRATIVE        )
REMEDY CLERK;                )
        Defendant(s)         )

## EMERGENCY ASSISTANCE FROM DEPUTY CLERK MRS. NANCY MAYER-WHITTINGTON

NOW COME Plaintiff in pro se, whom hereby moves this court with Emergency Assistance From Deputy Clerk Mrs. Nancy Mayer-Whittington as follows:

## STATEMENT OF FACTS

1) Before this court is a prisoners civil Rights Complaint Plaintiff filed, on or about September 12, 2007, alleging various constitutional violations upon his person. See Attached Complaint.

2) Furthermore, Plaintiff submitted a 28 USC § 1915 Application To Proceed without Prepayment of Fees and Affidavit, on or about September 12, 2007. See Attached.

**RECEIVED**

SEP 27 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3) Due to the condition of confinement here with Plaintiff at USP Victorville (see complaint), and officialers completely seized all of his legal documentation, law books, and policy statements; and his unit team is very prejudice in photo copying additional motions and Briefs for Plaintiff. He was only able to provide one (1) copy of the aforementioned to this court for processing purposes. Subsequently though, Plaintiff would owe this court $15.00 if this court made another copy of the aforementioned documentation to provide defendant(s) without prejudice. Therefore, Plaintiff has made out a check in the amount of $15.00 and addressed it to: Deputy Clerk Mrs. Nancy Mayer Whittington with the business at USP Victorville.

4) If you would review Plaintiffs $1915 Inmate Account Statement. He has a total of $2607.52 and has the sufficient funds upon his account to cover this photo copy fee with Mrs. Whittington. Thus, if this court would monitor the Business office Account hereinafter within the next few weeks. USP Victorville official(s) will process the $15.00 to Mrs. Whittington.

5) Plaintiff humbly request this court and Mrs. Whittington to make the additional photo copy for him at this time. He has no desire to burn the courts or refuse to pay Mrs. Whittington her $15.00; especially if you would look to the

Facts: Plaintiff is not seeking and/or Demanding *.∅ dollar awardment of fees in his civil Action - just other condition of confinement relief. see complaint.

AND NOW, this ___ day of _____ 200_. IT IS HEREBY ORDERED THAT Emergency Assistance From Deputy clerk Mrs. Nancy Mayer - Whittington is "Granted."

_____
u.s. District Judge

_____
Deputy Clerk

Respectfully submitted,

Pro se _Randy Bridges_____

Randy Bridges

16038-074

USP Victorville

P.O. Box 5500

Adelanto, Ca 92301

Executed: 9-12-07

2

<u>CERTIFICATE OF SERVICE</u>

I, Randy Lee Bridges hereby certify that Emergency Assistance From Deputy Clerk Mrs. Nancy Mayer-Whittington, has been mailed, via first class postage prepayed to: U.S. District Court For The District of Columbia, 333 Constitutional Ave, N.W. Washington, DC 20001, this 12th day of September 2007.

Respectfully submitted,

Pro se  Randy Bridges

Randy Bridges

16038-076

USP Victorville

P.O. Box 5500

Adelanto, Ca 92301

4